BARFIELD, Judge.
Charlie Stanley challenges his conviction and sentence for second degree murder asserting three grounds for reversal. We find no error in the judgment of the trial court and find only one issue merits discussion.
The appellant challenged the authority of the State Attorney of the Eighth Judicial Circuit on the grounds that his office was constitutionally infirm and he thereby lacked the authority to prosecute the case.
Len Register was appointed to the office of State Attorney in the Eighth Judicial Circuit and assumed that office on January 3, 1989. Prior to that date Mr. Register lived in Leon County, Florida, in the Second Judicial Circuit and was a qualified elector registered in Leon County. He did not change his registration to Alachua County until March 9, 1989. The appellant has contended that the failure to change his registration to Alachua County within 30 days of his assuming the office of State Attorney meant that he failed to qualify in *165 time and a vacancy was created in the office. To reach this conclusion, the appellant contends that Mr. Register was a disqualified elector under section 98.201, Florida Statutes (1987). We disagree with appellant’s interpretation of section 98.201, that disqualification automatically happens upon moving from the county of registration. Our reading of the statute indicates that disqualification does not occur until the elector’s name is stricken from the registration books. There is no indication in the record that Mr. Register’s name was stricken from the registration books in Leon County until such time as he qualified in Alachua County.
AFFIRMED.
ZEHMER and WOLF, JJ., concur.